[675 NYS2d 378]

In the Matter of ROBERTO LEBRON, an Attorney, Respondent.
GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT,
Petitioner.

Second Department, July 13, 1998

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Forrest Strauss* of counsel),
for petitioner.

*Gentile & Benjamin,* New York City (*Howard Benjamin* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was served with a petition dated October 25, 1996, which contained six charges of professional misconduct. In his answer, the respondent admitted most of the factual allegations contained in the petition, but denied that he was guilty of any professional misconduct. After a hearing, the petitioner withdrew Charge Two, and the Special Referee sustained Charges Three, Four, and Five. The Special Referee failed to sustain Charges One and Six. The Grievance Committee now moves to confirm the Special Referee's report insofar as it sustains Charges Three, Four, and Five, and to disaffirm the report insofar as it fails to sustain Charges One and Six. The respondent cross-moves to confirm the Special Referee's report insofar as it fails to sustain Charges One and Six, and to disaffirm the report insofar as it sustains Charges Three, Four, and Five.

Charge Three alleges that the respondent engaged in conduct prejudicial to the administration of justice and/or adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]), by charging a client for time he spent attempting to reverse a sanction imposed on him personally.

On or about July 2, 1985, Geraldine Rodriguez retained the respondent to handle her divorce from Nicholas Rodriguez. On or about May 1, 1987, the Supreme Court, Westchester County, which presided over *Rodriguez v Rodriguez,* fined the respondent $250 for his failure to appear in court. Between May 1, 1987 and June 15, 1987, the respondent billed Ms. Rodriguez on approximately six different occasions a total of $250 (2.5 hours at $100 per hour) for the time he spent addressing the sanction imposed on him.

Charge Four alleges that the respondent engaged in conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]), by charging a client for his efforts to obtain the court's permission to withdraw from handling her appeal.

Geraldine Rodriguez was awarded a judgment of divorce in or about September 1989, after which the respondent continued

to prosecute postjudgment enforcement of the equitable distribution award contained in the judgment. On or about May 3, 1990, following his receipt of the Appendix on appeal from Nicholas Rodriguez' attorneys, the respondent sent Ms. Rodriguez a letter advising her, *inter alia,* that their original retainer agreement did not cover the appeal of her case and that he required a minimum retainer of $10,000 if she wanted him to handle the appeal.

Ms. Rodriguez advised the respondent that she was financially unable to retain his services for the appeal. The respondent subsequently moved before the Appellate Division, Second Department, for permission to withdraw as Ms. Rodriguez' attorney of record on the appeal. The respondent's motion was based solely on Ms. Rodriguez' inability to pay for his services. The respondent charged Ms. Rodriguez approximately four hours at $100 per hour for the time he spent making the motion to withdraw as her appellate counsel.

Charge Five alleges that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]), by charging a client for the time he spent advising the Appellate Division, Second Department, that he had been relieved as her appellate counsel.

The respondent's application to withdraw as Ms. Rodriguez' appellate counsel was granted by a decision and order of the Appellate Division, Second Department, dated and entered July 5, 1990. On or about February 14, 1991, the Appellate Division directed the respondent to appear at a settlement conference scheduled for February 28, 1991. The respondent billed Ms. Rodriguez for the time he spent notifying the Appellate Division that he had already been relieved as Ms. Rodriguez' counsel.

In view of the respondent's admissions and the evidence adduced at the hearing, Charges Three, Four, and Five were properly sustained by the Special Referee. Moreover, Charges One and Six were properly not sustained.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider that he has practiced law for 40 years with an unblemished record, that he has served as a member of the New York City Council, as an Assistant Commissioner of the New York City Department of Real Estate, as a past president of the Puerto Rican Bar Association, and as a member of various other professional associations including the Bronx County Bar Association and the

Bronx County Grievance Committee. The respondent also asks the Court to consider his military record and the character evidence submitted at the hearing.

Under the totality of the circumstances, the respondent is censured for his professional misconduct.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and PIZZUTO, JJ., concur.

Ordered that the branch of the petitioner's motion which is to confirm the report of the Special Referee insofar as it sustains Charges Three, Four, and Five is granted, and the motion is otherwise denied; and it is further,

Ordered that the branch of the respondent's cross motion which is to confirm the report of the Special Referee insofar as it fails to sustain Charges One and Six is granted, and the cross motion is otherwise denied; and it is further,

Ordered that the respondent, Roberto Lebron, is censured for his professional misconduct.